UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL SIMPSON,<br><br>        Plaintiff,<br><br>    v.<br><br>PAM AHLIN,<br><br>        Defendants. | Case No.: 1:15-cv-01301-BAM (PC)<br><br>SCREENING ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED, WITH LEAVE TO AMEND<br><br>(ECF No. 1)<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Earl Simpson ("Plaintiff") is a state civil detainee proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint, filed August 20, 2015, is currently before the Court for screening. (ECF No. 1.)

**I.  Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently housed at Coalinga State Hospital. Plaintiff names Pam Ahlin, the CEO of the Department of Hospitals, as the sole defendant.  Plaintiff filed this action using this Court's standardized complaint form for a §1983 action. Attached to the complaint is a document entitled "Petition for Writ of Mandamus and Prohibition."

Plaintiff alleges as follows:  On October 10, 2005, he was involuntarily transferred to the State Hospital pursuant to Cal. Penal Code §§2962-2972 as a civilly committed person.  Plaintiff's allegations, in his document entitled "Petition for Writ of Mandamus and Prohibition," are confusing. He claims there are fraud and "sienter" and estoppel at the Hospital.  But as best the Court can determine, Plaintiff is claiming that he was supposed to be released on parole on October 10, 2005 but instead he was transferred to the state hospital for treatment.  He alleges he is being held "into the

1 custody of the hospitals for unnecessary treatment." (Doc. 1, p.5 of 7.) He asks to be released. The remainder of the "Petition" asks for the Court to subpoena documents and records from the Department of State Hospitals.

### III.     Deficiencies of Complaint

**Habeas Corpus**

Plaintiff is informed that insofar as he is challenging the validity of his continued commitment, the exclusive method for asserting that challenge is by filing a petition for a writ of habeas corpus. Wilkinson v. Dotson, 544 U.S. 74, 78 (2005). See 28 U.S.C. § 2254(a). Such claims may not be brought in a section 1983 action. Nor may Plaintiff seek to invalidate the fact or duration of his confinement indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody. Wilkinson, 544 U.S. at 81. A section 1983 action is barred, no matter the relief sought, if success in that action would necessarily demonstrate the invalidity of confinement or its duration. Id. at 81–82; Heck v. Humphrey, 512 U.S. 477, 489 (1994) (unless and until favorable termination of the conviction or sentence, no cause of action under section 1983 exists); Huftile v. Miccio–Fonseca, 410 F.3d 1136, 1140 (9th Cir. 2005) (applying Heck to SVPA detainees with access to habeas relief). Thus, when a prisoner challenges the legality of his custody and the relief he seeks is a determination that he is entitled to an earlier or immediate release, such a challenge is not cognizable under 42 U.S.C. § 1983, and the prisoner's sole federal remedy is a petition for a writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam). If a § 1983 complaint states claims which sound in habeas, the court should not convert the complaint into a habeas petition. See id.; Trimble, 49 F.3d at 586. Rather, such claims must be dismissed without prejudice and the complaint should proceed on any remaining cognizable § 1983 claims. See Heck, 512 U.S. at 487; Trimble, 49 F.3d at 585.

Plaintiff's claims, either directly or indirectly, challenge the validity of his confinement, a challenge which may be brought only in a petition for a writ of habeas corpus. Thus, Plaintiff has failed to state any claims that are cognizable under section 1983. In an abundance of caution, and in the event the Court has misconstrued the relief Plaintiff is seeking, the Court will permit plaintiff leave

3

to amend his complaint. If, however, Plaintiff in fact seeks to challenge the fact or duration of his confinement, he should file a petition for habeas corpus pursuant to 28 U.S.C. § 2254.[1]

**Petition for Writ of Habeas Corpus**

To the extent that Plaintiff's intent was to file a petition for writ of habeas corpus, Rule 4 of the Rules Governing § 2254 Cases requires the Court to conduct a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition ... that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir.1990).

A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition. Rule 2(a) of the Rules Governing § 2254 Cases; Ortiz–Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir.1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir.1994). Respondent Pam Ahlin, Executive Director of Coalinga State Hospital, appears to be appropriately named as the officer having custody of Plaintiff, who as a result of his civil commitment is confined to Coalinga State Hospital.

In addition, the petition must "be signed under penalty of perjury by the petitioner or by a person authorized to sign if for the petition under 28 U.S.C. § 2242." Rule 2(c)(5) of the Rules Governing 2254 Cases.

Finally, the complaint does not include the allegations and information required to file a complete petition for habeas corpus. The Court will order the Clerk to provide Petitioner with a form to be completed to create a complete petition for writ of habeas corpus. Plaintiff is directed to fully complete that petition to include all grounds for relief and facts supporting each such ground. The Court will not refer to the prior complaint if any necessary claims or facts are omitted from the amended petition.

**Exhaustion of State Remedies**

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must first exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1).

---

[1] In a prior proceeding, *Simpson v. King,* CAED Case. 14-1679, reported in 2014 WL 7447780 Plaintiff was informed of the standards for a habeas petition.

4

The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir.1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995); Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir.1996).

### IV. Conclusion and Order

Plaintiff's §1983 complaint fails to state a claim upon which relief can be granted. The complaint fails to set forth a factual basis supporting Plaintiff's apparent legal conclusion that his commitment was not warranted. Due to the lack of clarity regarding Plaintiff's current commitment status and relief he seeks, Plaintiff will be given leave to amend. If Plaintiff elects to amend his pleadings, as this order permits him to do, he must set forth his claim(s) completely, including the full factual basis supporting his legal conclusions.

If he chooses to proceed under §1983, he must specifically show that habeas relief is not available to him and that success in this action would not necessarily demonstrate the invalidity of his confinement or its duration.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Complaint shall be dismissed with leave to amend for failure to state a cognizable claim.
2. The Clerk's Office shall send Plaintiff a copy of this order and forms for (1) a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, and (2) a Complaint pursuant to the Civil Rights Act, 42 U.S.C. § 1983.
3. Within **thirty (30) days** of service of this order, Plaintiff shall file amended pleadings consisting of **either** a petition for writ of habeas corpus or a complaint pursuant to the Civil Rights Act, 42 U.S.C. § 1983. Plaintiff shall fully complete the form for the

amended pleadings, including all claims and the facts supporting each claim. Plaintiff shall sign the amended pleadings under penalty of perjury.

4. **If Plaintiff fails to file an amended complaint in compliance with this order, the Court will dismiss this action, with prejudice, for failure to state a claim and to obey a court order**.

IT IS SO ORDERED.

Dated:  **September 16, 2016**          /s/ *Barbara A. McAuliffe*          
                                     UNITED STATES MAGISTRATE JUDGE