1

2

3

4

5

6

7

8                          # UNITED STATES DISTRICT COURT

9                               EASTERN DISTRICT OF CALIFORNIA

10

11   EARL SIMPSON,                              Case No.  1:15-cv-01301-DAD-BAM (PC)

12                    Plaintiff,                FINDINGS AND RECOMMENDATIONS
                                                REGARDING DISMISSAL OF ACTION FOR
13          v.                                  FAILURE TO STATE A CLAIM, FAILURE
                                                TO OBEY COURT ORDERS, AND FAILURE
14   PAM AHLIN,                                 TO PROSECUTE

15                    Defendant.                (ECF No. 6, 7)

16                                              **FOURTEEN (14) DAY DEADLINE**

17

18          **I.      Procedural History**

19          Plaintiff Earl Simpson ("Plaintiff") is a state civil detainee proceeding pro se and in forma

20   pauperis in this civil rights action under 42 U.S.C. § 1983. Plaintiff initiated this action on August

21   20, 2015. (ECF No. 1.) On September 16, 2016, the Court dismissed Plaintiff's complaint with

22   leave to amend within thirty (30) days. (ECF No. 6.) Plaintiff was expressly warned that the

23   failure to file an amended complaint in compliance with the Court's order would result in this

24   action being dismissed, with prejudice, for failure to obey a court order and failure to state a

25   claim. (*Id.* at pp. 5-6.)

26          Plaintiff failed to file an amended complaint and did not comply with or otherwise

27   respond to the Court's order. Accordingly, on October 27, 2016, the Court issued an order for

28   Plaintiff to show cause, within twenty (20) days of service, why this action should not be

1   dismissed based on Plaintiff's failure to comply with the Court's September 16, 2016 order,

2   failure to state a claim, and failure to prosecute. (ECF No. 7.)

3          Plaintiff's response to the order to show cause was due on or before November 21, 2016.

4   However, as of the date of this order, Plaintiff has neither complied with the Court's orders, nor

5   otherwise communicated with the Court regarding his amended complaint.

6          **II.      Discussion**

7          Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with

8   any order of the Court may be grounds for imposition by the Court of any and all sanctions . . .

9   within the inherent power of the Court."  District courts have the inherent power to control their

10  dockets and "[i]n the exercise of that power they may impose sanctions including, where

11  appropriate, . . . dismissal." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A

12  court may dismiss an action, with prejudice, based on a party's failure to prosecute an action,

13  failure to obey a court order, or failure to comply with local rules. *See, e.g., Ghazali v. Moran*, 46

14  F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*,

15  963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring

16  amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-33 (9th Cir. 1987)

17  (dismissal for failure to comply with court order).

18         In determining whether to dismiss an action, the Court must consider several factors: (1)

19  the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its

20  docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of

21  cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779

22  F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

23         Here, the action has been pending for over a year, and Plaintiff's amended complaint is

24  overdue. Despite multiple attempts to communicate with Plaintiff, he has been non-responsive to

25  the Court's orders. The Court cannot effectively manage its docket if Plaintiff ceases litigating his

26  case. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

27         The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a

28  presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.

2

*Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132-133; *Henderson*, 779 F.2d at 1424. The Court's September 16, 2016 order expressly warned Plaintiff that his failure to comply with that order would result in a recommendation of dismissal of this action, with prejudice, for failure to state a claim and to obey a court order. (ECF No. 6.) Plaintiff also was warned of the potential for dismissal by the Court's October 27, 2016 order to show cause. (ECF No. 7). Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance.

Additionally, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Plaintiff is proceeding in forma pauperis in this action, making monetary sanctions of little use, and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case.

### III.    Conclusions and Recommendations

Accordingly, the Court HEREBY RECOMMENDS the following:

1.   This action be dismissed, with prejudice, for failure to state a claim under 28 U.S.C. § 1915A(b)(1);

2.   This action be dismissed for failure to obey the Court's September 16, 2016 order (ECF No. 6) and October 27, 2016 order (ECF No. 7); and

3.   This action be dismissed for failure to prosecute this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, under the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14)**

**days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 2, 2016**                    /s/ *Barbara A. McAuliffe*
                                              UNITED STATES MAGISTRATE JUDGE

4